Irving KAS, Helen
Sonenshine, Plaintiffs,

v.

FINANCIAL GENERAL BANKSHARES,
INC., et al., Defendants.

Civ. A. No. 82–1996.

United States District Court,
District of Columbia.

June 26, 1985.

Samuel P. Sporn, Schoengold & Sporn, New York City, Kevin R. McCarthy, Kornmeier, McCarthy, Lepon & Harris, Washington, D.C., for plaintiffs.

Robert A. Altman, Paul C. Warnke, J. Griffin Lesher, Robert P. Reznick, Clifford & Warnke, Washington, D.C., for defendants.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Plaintiffs, Irving Kas and Helen Sonenshine, bring this action for declaratory, injunctive, and monetary relief, alleging violations of the Securities and Exchange Act of 1934, common law fraud, and breach of fiduciary duty. The second amended complaint alleges four counts. The gravamen of plaintiffs' complaint is that defendants issued a false and misleading proxy statement which contained material omissions and misstatements in violation of sections 10(b) and 14(a) of the Securities Exchange Act and Rules 10b–5 and 14a–9. Plaintiffs also allege common law fraud and breach of fiduciary duty. The case is presently before the Court on the defendants' motion to dismiss or for summary judgment. For the reasons stated below, defendants' motion to dismiss will be granted.

### I.

The factual background in this matter has already been set forth in great detail in the Court's two Opinions of October 19, 1984, and March 7, 1985. Therefore, it is not necessary to discuss the factual background out of which this case arose.

In support of the motion to dismiss, defendants contend that plaintiffs' claims fail to state a claim under federal securities laws. Defendants allege rather that plaintiffs' claim is one of undervaluation and breach of fiduciary duties which should be resolved in state court. Alternatively, defendants also contend that summary judgment should be entered for defendants on plaintiffs' claims under sections 10(b) and 14(a) because plaintiff's reliance on any alleged misstatement or omission can be neither proved nor assumed. And finally, defendants contend that plaintiffs' causes of action under state law warrant dismissal for lack of pendent jurisdiction or alternatively on the merits.

On April 17, 1985, this Court granted defendants' motion to dismiss the amended complaint filed in the related case, *Berg v. First American Bankshares, Inc.*, Civil Action No. 83–3887 (D.D.C.) (April 17, 1985, Memorandum Opinion). In so doing, the Court considered and rejected the same fundamental claims and legal theories presented by plaintiffs in this case. The Court will not address the issues decided in the *Berg* case, but will only address the issues which the *Kas* plaintiffs contend distinguish this case from *Berg*.

### II.

In addition to claims made by plaintiffs in the *Berg* case, plaintiffs in the instant case contend that the July 9, 1982, proxy statement was misleading in that it failed to disclose an alleged illegal scheme and an alleged conflict of interest, as well as material omissions with respect to the role of Mr. Darwaish.

■ Plaintiffs first allege that the proxy statement was misleading because it failed to disclose the alleged "fact that the investors intended to buy up all of Financial General's Class A Common Stock by coercive means for an inadequate, unfair and discriminatory price...." In particular, plaintiffs claim that defendants should have disclosed (1) that they had always intended to "freeze out" the Class A shareholders after the tender offer at an unfair price; (2) that Mr. Casey was so old and sick that he would vote for an unfair merg-

er; and (3) that the Class A shareholders would be coerced into accepting the merger price because there would be no other market for their shares.

Plaintiffs allege that these omissions violate the federal securities laws. The Court is not persuaded by plaintiffs' arguments. These contentions involve an alleged failure by defendants to disclose presumed intentions and schemes and do not involve information which would be material to the shareholders' vote on the sale of their Class A shares for $28.00. The Court has previously dealt extensively in *Berg* with the issue of whether Mr. Casey's personal interests were material. With respect to plaintiffs' claim that defendants intended to freeze out the Class A shareholders at an unfair price, plaintiffs have presented no evidence to support this claim. Moreover, the conversion of the Class A shares into cash could not have taken place upon the unilateral action of the defendants without the vote of the Class A shareholders themselves. The Court determines that there were no undisclosed material facts with respect to any alleged illegal scheme which would constitute a violation of the federal securities laws.

■ Plaintiffs also contend that the July 1982 proxy statement failed to disclose an alleged conflict of interest in that it failed to disclose that Messrs. Clifford and Altman had been and were the continuing lawyers for the Arab investors while they served on the Company's board of directors. It is plaintiffs' position that a conflict arose for Messrs. Clifford and Altman in representing the Investors and obtaining the lowest price they would have to pay for the Class A common shares, while at the same time, as directors of the company, obtaining the highest price possible for the holders of the Class A common shares.

Defendants take the position that there was no conflict of interest and that the duty of Clifford and Altman, as members of the board of directors, was to consider the interests of all the shareholders, including the interests of the Investors who held 95% of the voting power, in addition to the interests of the Class A shareholders. It was the duty and the goal of Clifford and Altman, in discussing the merger price, to act on behalf of all the company's shareholders and to obtain a fair price for all shareholders concerned.

The Court determines that no conflict of interest existed. The price obtained for the Class A shares was considered fair by both Mr. Casey, who had the most to lose if the price were unfair, and by First Boston Corporation, the professional investment advisor which rendered a fairness opinion on the price received for the Class A shares. Moreover, the proxy statement clearly disclosed the fact that Clifford and Altman were directors of the company and also directors of the companies which held 96% of the common shares and 95% of the company's combined voting power prior to the merger. The Court, therefore, determines that the proxy statement was not false and misleading for failing to disclose a conflict of interest. No conflict existed and the positions held by Clifford and Altman were clearly disclosed to the shareholders who were then free to evaluate what, if any, effect these purportedly dual roles would have on the fairness of the merger price.

■ And finally, plaintiffs allege that the proxy statement misleadingly failed to disclose (1) that Mr. Darwaish, the former representative of one of the Investors, allegedly had been replaced prior to the August 11, 1982, Annual Meeting and was no longer a financial advisor to the ruler of Abu Dhabi; and (2) that Mr. Darwaish allegedly was replaced because he was accused of embezzling from the ruler of Abu Dhabi. Defendants contend that plaintiffs' allegations regarding an embezzlement by Mr. Darwaish were apparently inspired by an August 10, 1982, *Washington Post* news article, the accuracy of which has not been confirmed. Moreover, it is the position of the defendants that the allegations against Mr. Darwaish were wholly unrelated to any issue relevant to the merger and to his role as agent for Sheik Mohammad, then a minor, in connection with transactions involving Financial General.

The Court determines that plaintiffs have produced no evidence to link the reported embezzlement by and replacement of Mr. Darwaish with the matters proposed by the proxy statement. Therefore, the omission of these facts from the proxy statement does not render the proxy statement false or misleading, nor does it constitute a violation of federal securities laws.

In *TSC Industries v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976), the Supreme Court set forth the general standard of materiality. An omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote. The misstatement or omission must have a significant propensity to affect the voting process. It does not require proof of a substantial likelihood that disclosure of the omitted fact would have caused the reasonable investor to change his vote, but contemplates a showing of a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the reasonable shareholder's deliberations.

■ The overriding purpose of the materiality requirement is protection of the investor by providing him with otherwise unobtainable information without which an informed decision cannot be made. *Boyertown Burial Casket Company v. Amedco, Inc.*, 407 F.Supp. 811 (E.D.Pa.1976). An omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote. Such a standard contemplates a showing of substantial likelihood that, under all circumstances, omitted facts would have significantly altered the total mix of information made available. *Telvest, Inc. v. Wisconsin Real Estate Investment Trust*, 489 F.Supp. 250 (D.C.Wisc. 1980).

■ In the instant case, the Court determines that the omitted facts do not meet the test of materiality as set forth above. The Court does not believe that there is a substantial likelihood that a reasonable investor would have viewed any omitted fact or any alleged misstatement as having significantly altered the total mix information made available. Rather, the proxy statement contained all relevant material information which a reasonable stockholder would need in order to make a reasoned decision whether to vote for the merger. There are no omitted facts or misstated facts that a reasonable shareholder would consider important in deciding how to vote. The Court does not believe that there is a substantial likelihood that any allegedly omitted fact or misstatement would have assumed actual significance in a reasonable shareholder's deliberations. The alleged omissions and misstatements are not material, and the right of the shareholders to a fair and accurate disclosure has been fulfilled.

■ Having determined that plaintiffs' claims have not met the materiality test, the gravamen of plaintiffs' remaining claims concern the fairness of the price offered for the Class A shares and an alleged breach of fiduciary duty. In *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977), the Supreme Court held that breach of a fiduciary duty, without any deception, misrepresentation, or nondisclosure, does not state a cause of action under federal securities laws. The Court held that such conduct, consisting mainly of corporate mismanagement and involving no misrepresentation or failure to disclose, could not fairly be viewed as "manipulative or deceptive" within the meaning of the statute and thus fell outside the scope of the provision. *Id.* at 473–74, 97 S.Ct. at 1300–01. Therefore, because plaintiffs have failed to state a claim under the federal securities laws, the motion to dismiss must be granted.

### III.

■ Even had plaintiffs' claims met the test for materiality on the allegations of misrepresentation and omission, for the reasons set forth in the April 17, 1985, Memorandum Opinion in *Berg v. First American Bankshares, Inc.*, Civil Action

No. 83-3887 (D.D.C.), plaintiffs' federal claims would fail because plaintiffs' reliance can be neither proved nor presumed.

Based upon the foregoing, and for the reasons discussed in the Opinion in *Berg*, defendants' motion to dismiss must be granted. An Order consistent with this Memorandum Opinion will be issued this date.